No. 18693—The Fisher Brothers Company v. Thad H. Brown, Secretary of State of Ohio. Error to the Court of Appeals of Franklin County.

118. AUTOMOBILES — Classification of per horse power for excise tax purposes not unconstitutional.

ALLEN, J.

1. The Legislature having the power of classification has also the power to select the standard on which to base the classification.

The Legislature in laying an excise tax upon the privilege of operating motor vehicles upon the public highways may classify motor vehicles into pleasure cars and commercial vehicles.

2. The Legislature may constitutionally classify commercial motor vehicles according to horse-power.

3. The use of the horse-power formula of the Society of Automobile Engineers, adopted by the Legislature for the purpose of computing horse-power of motor vehicles, does not in operation result in inequalities so great as to amount to discrimination and is therefore not unconstitutional.

4. Section 6292, General Code, as amended 110 OL. 222, providing for a tax of $12 upon each commercial motor car having more than twenty-five and not more than thirty horse-power, and in addition thereto thirty cents for each one hundred pounds gross weight of vehicle and load, or fractional part thereof, and providing for a tax of $20 upon each commercial car having more than thirty horse-power, and in addition thereto eighty cents for each one hundred pounds gross vehicle and load, or fractional part thereof, is a valid and constitutional enactment not repugnant to the Fourteenth Amendment to the United States Constitution nor to Article 1, Section 1, and Article 1, Section 19 of the Ohio Constitution.

5. Section 6292, General Code. (110 OL. 222), and Sections 6290, 6291, 6292, 6293, 6294, 6295, 6309, 6309-1, 6309-2 (108 OL., pt. 2. at pages 1078 and 1165), are not repugnant to Article XII, Section 5; Article XII, Section 2; Article II, Section 1; Article II, Section 22; Article XII, Section 4; Article XII, Section 6; Article XVIII, Sections 2, 3 and 13; nor to Article X, Section 7 of the Ohio Constitution.

Judgment affirmed.

Marshall, C. J., Jones, Matthias and Conn, JJ., concur:

# Weekly Abstract Of Pending Cases

No cases this week.

## U. S. COURTS

### No. 772

HURIN v. ELEC. VACUUM CLEANER CO.

U. S. Appeals, 6th Circuit
No. 3970. Decided April 9, 1924

897. PATENTS—Where the only difference between expert witnesses was not as to any technical meaning, but as to the proper interpretation of the patent, the question is for the court and not for the jury.____ _____

MACK, C. J.

#### Epitomized Opinion

Action at law for infringement of a patent relating to pneumatic carpet sweeper. At the close of the testimony, the court directed a verdict for the defendant on the ground that there was no issue of fact for the jury to decide. The plaintiff alleges error in not leaving the question of infringement to the jury. The Circuit Court affirmed the judgment.

1. The question of infringement on the record involved no issue of fact for the jury.

2. Where there is no substantial dispute as to technical terms or meaning affecting the interpretation of claims and no substantial dispute as to functions or component elements of the alleged infringing device, it is a question for the court and not for the jury.

Attorneys—Harold E. Smith and Wm. L. Day, for Hurin; Charles Neave, for Cleaner Co.; all of Cleveland.

### No. 771

BALTIMORE & O. RY. CO. v. ROBERTSON

U. S. Appeals, Sixth Circuit
No. 4007. Decided June 13, 1924

991. RAILROAD—Railroad's negligence as to watchman on trestle held question for jury.

TUTTLE, D. J.

#### Epitomized Opinion

This was an action for personal injuries. Robertson was employed by the B. & O. Ry. Co. as a watchman at a certain railroad bridge during a strike. It was customary for the trains as they approached this bridge to blow their whistle, as there was a sharp curve about 450 feet from the bridge. While Robertson was patrolling this bridge, he was struck by one of the railroad company's trains and seriously injured. He claimed that no

whistle was blown and that in his effort ot get off of the bridge before being struck he cause his foot between a guard rail and a steel rail and before he could get the same released he was struck by the engine. The jury returned a verdict for Robertson, whereupon Railway Co. prosecuted error. The Circuit Court of Appeals held:

1. Where there was evidence tending to prove an allegation that the customary warning was not given to a watchman patrolling a trestle at night by an approaching train, by which he was struck and injured, and to sutain other material allegations of negligence, the question of defendant's negligence held properly submitted to the jury.

Attorneys—W. T. Kinder, for B. & O. Ry. Co.; Luther Day and Edward Davidson, for Robertson.